## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **GEORGE R. BEACHEM II, #150107** § | |
| § | |
| VS. § | **CIVIL ACTION NO. 4:20cv859** |
| § | |
| **LT. STEPHEN SMART, ET AL.** § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff George Ralph Beachem II filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On May 19, 2021, the Court ordered Plaintiff to pay the initial partial filing fee of $86.27 within thirty days (Dkt. #14).  As of today's date,  Plaintiff has not complied with the Order; thus, Plaintiff has failed to prosecute the case.  Fed. R. Civ. Proc. 41(b).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused.  *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979);  *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980).

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's

conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). In the present case, Plaintiff failed to comply with the Court's Order to proceed with the case. His intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

## RECOMMENDATION

It is therefore recommended that the complaint be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 2nd day of August, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE