IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE RALPH BEACHEM II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-859-RAS-KPJ |
| | § | |
| LT. STEPHEN SMART, and | § | |
| COLLIN COUNTY DETENTION | § | |
| FACILITY, | § | |
| | § | |
| Defendants. | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants Lt. Stephen Smart ("Lt. Smart") and Collin County Detention Facility's (the "Detention Center") (collectively, "Defendants") Motion to Dismiss (the "Motion") (Dkt. 27). Four months after the Motion was filed, Plaintiff George Ralph Beachem II ("Plaintiff") submitted a letter which the Court construes as a response to the Motion. *See* Dkt. 32. Having considered the filings and the relevant law, the Court recommends the Motion (Dkt. 27) be **GRANTED**.

## I.   BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil rights lawsuit on November 4, 2020, against Defendants. *See* Dkt. 1. On September 2, 2021, Plaintiff amended his complaint (the "Amended Complaint"). *See* Dkt. 23. The following factual allegations are raised in the Amended Complaint: On September 29, 2019, while incarcerated at the Detention Center, Plaintiff was eating dinner when he began choking. *Id.* at 4. Another inmate successfully performed the Heimlich maneuver on Plaintiff. *Id.* Plaintiff "found a metal screw in the food [he] choked on." *Id.* Plaintiff saw a nurse, and was later sent to Baylor Hospital for pain treatment. *Id.*

1

Plaintiff was given pain medication and sent back to jail. *Id.* Plaintiff saw a doctor in the Detention Center a week later, and was prescribed the same medication he previously received at Baylor Hospital. *Id.* Plaintiff alleges that as a result of the incident, he suffered tissue damage and still has difficulty swallowing. *Id.* Lt. Smart was identified in the Amended Complaint as being in charge "over jail services" at the Detention Center. *Id.* at 3.

On December 5, 2021, Defendants filed the Motion to Dismiss (Dkt. 27) that is presently before the Court. Plaintiff did not timely respond to the Motion. However, four months later, Plaintiff submitted a letter urging the Court to deny the Motion "based on . . . evidence" set forth in the letter. *See* Dkt. 32 at 2. Specifically, Plaintiff stated that a Detention Center employee, Officer Cook, advised a nurse at Baylor Hospital that a commercial can opener at the Detention Center was failing, and there were "several reports of the can opener leaving metal in the food served" at the Detention Center. *Id.* Plaintiff indicated that he and "several other victims" either digested the metal, cracked their teeth due to the metal, or located metal in the food. *Id.* at 2. Plaintiff further stated that Lt. Smart was responsible for kitchen operations and safety, that Lt. Smart "made a 'personal decision'" not to inspect the kitchen equipment, and that he neglected his "job requirements of maintaining the safety of any and all equipment [in] the kitchen." *Id.* at 1. The Court construes Plaintiff's letter as a response to the Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Because dismissals under Rule 12(b)(6) are viewed with disfavor, the court must accept as true all well-pleaded facts, "even if doubtful or suspect," contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Peña Arita v. United States*, 470 F. Supp. 3d 663,

2

680 (S.D. Tex. 2020); *see Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim will survive an attack under Rule 12(b)(6) if, considering all well-pleaded facts, the complaint states a plausible claim for relief, rather than "the mere possibility of misconduct." *See id.* at 679. The well-pleaded facts must allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When considering a motion to dismiss for failure to state a claim, the Court's review is limited to the complaint, any document attached to the complaint, and any document attached to the motion to dismiss that is central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

Defendants raise several arguments in favor of dismissal in the Motion. *See* Dkt. 23. The Court first addresses the arguments regarding the Detention Center before turning to the arguments regarding Lt. Smart.

#### A. The Detention Center is a Non-Jural Entity.

Defendants contend the Detention Center is a non-jural entity and cannot be sued. *See* Dkt. 23 at 10–12. The Court agrees. "A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v.*

3

*Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Id.* at *6. The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *see also* FED. R. CIV. P. 17(b)(3).

Because this Court sits in Texas, it must apply Texas law to determine whether the Detention Center can be sued. *See id.* As this Court has repeatedly held, the Detention Center is a non-jural entity. *See, e.g., Newman v. Collin Cnty. Det. Facility*, No. 4:10-cv-463, Dkt. 37 (E.D. Tex. Feb. 7, 2011), *R. & R. adopted*, Dkt. 39 (E.D. Tex. Mar. 3, 2011), *appeal dismissed*, Dkt. 52 (5th Cir. Aug. 17, 2011); *Marr v. Collin Cnty. Det. Ctr.*, No. 4:20-cv-273, 2021 WL 4166945, at *2–3 (E.D. Tex. July 19, 2021) (finding Collin County Detention Center is a non-jural entity). Here, the Amended Complaint contains no allegations that Collin County has taken explicit steps to grant the Detention Center with jural authority. *See Darby*, 939 F.2d at 313–14; *see also Charboneau v. Davis*, No. 4:13-cv-678, 2017 WL 9250306, at *6 (E.D. Tex. Feb. 16, 2017). Thus, even if the Court takes all of Plaintiff's allegations against the Detention Center as true, Plaintiff has failed to state a claim upon which relief can be granted. *Id.*

Furthermore, because Collin County has not granted the Detention Center with jural authority, it would be futile to grant Plaintiff an opportunity to replead with respect to the Detention Center. Accordingly, because the Detention Center has no separate jural existence and is not a suable entity, the Court recommends dismissing Plaintiff's claims against the Detention Center with prejudice.

    **B. Plaintiff has failed to state a claim for relief against Lt. Smart.**

The Eighth Amendment's prohibition against cruel and unusual punishment includes an inmate's right to be free from conditions of confinement that impose an excessive risk to the

4

inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order to establish that this right has been violated, the inmate must satisfy a two-part test. The first part of the test is objective, and requires the inmate to show that he is incarcerated under conditions posing a substantial risk of serious harm so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The second prong of the test is subjective, and requires the inmate show that the prison official "knew of and disregarded an excessive risk to inmate health or safety"; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer*, 511 U.S. at 834.

To satisfy constitutional requirements in the area of food service, a state must furnish its prison inmates with reasonably adequate food. *See George v. King*, 837 F.2d 705, 706–707 (5th Cir. 1988). In determining whether a deprivation of reasonably adequate food falls below this threshold, the Court looks to the amount and duration of the deprivation. *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998). Relevantly, under prevailing case law in the Fifth Circuit, "[a] single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected." *Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010). "Evidence of frequent or regular injurious incidents of foreign objects in food, on the other hand, raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Id.*

Plaintiff's allegations in his Amended Complaint fail to plausibly state a claim for the deprivation of his constitutional rights. The Amended Complaint alleges a single incident of finding a foreign object in food which, under *Green*, is plainly insufficient. The Amended Complaint also fails to include any allegation of Lt. Smart's personal involvement in the incident

5

beyond generally indicating that Lt. Smart was in charge of jail operations. Plaintiff does not allege that Lt. Smart knowingly or intentionally harmed him, or that Lt. Smart was deliberately indifferent to a substantial risk of serious harm. Thus, Plaintiff's claim against Lt. Smart, as pled in the Amended Complaint, sounds in negligence, at best, and negligence is not actionable under Section 1983. *See Wilson v. Seiter*, 501 U.S. 294, 305 (U.S. 1991).

Plaintiff's letter response contains additional factual allegations, which are also insufficient to state a cognizable constitutional claim even if the Court were to consider these allegations. First, although Plaintiff alleges in the letter response that multiple inmates were affected, it is unclear whether Plaintiff is pointing to a single, isolated incident with multiple inmates affected or multiple incidents. *See George*, 837 F.2d at 707 ("[A] single incident of unintended food poisoning, whether suffered by one or many prisoners at an institution, does not constitute a violation of the constitutional rights of the affected prisoners."); *see also Roberts v. Williams*, 456 F.2d 819, 827 (5th Cir. 1971) (finding "the sustained maintenance, over a period of time of a needlessly hazardous condition" could present a constitutional violation, and concluding, "careless preparation of a single meal, producing food poisoning in prisoners, was not cruel"); *Hampton v. Blanco*, 299 F. App'x 460, 461 (5th Cir. 2008) (per curiam) (holding an inmate's allegation that he was deprived of "a single uncontaminated meal is insufficient to set forth an Eighth Amendment violation"); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.").

Second, Plaintiff continues to premise Lt. Smart's liability on his supervisory role without asserting that Lt. Smart was personally aware of metal appearing in food due to a failing can opener or that he otherwise acted with deliberate indifference. Furthermore, although Plaintiff alleges Lt.

Smart failed to follow jail policies and procedures for kitchen operations, the mere failure of prison officials to follow prison policies or rules, alone, does not amount to a constitutional violation. *Jackson v Cain*, 864 F.2d 1235, 1251–52 (5th Cir. 1989) (noting that failure to follow prison rules or regulations, alone, does not establish a constitutional violation). As such, even taking into consideration the information in Plaintiff's letter response, Plaintiff's claim against Lt. Smart remains subject to dismissal for failure to state a claim.

A *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). Because this is the Court's first opportunity to assess the sufficiency of Plaintiff's allegations against Lt. Smart, it is appropriate to afford Plaintiff an opportunity to amend his claim against Lt. Smart. *See Poullard v. Gateway Buick GMC LLC*, No. 3:20-cv-2439, 2021 WL 2376721, at *17 (N.D. Tex. June 10, 2021); *see also Johnson v. Garcia*, No. 5:20-cv-137, 2021 WL 2451745, at *10 (E.D. Tex. Mar. 8, 2021) ("[T]he Court is not convinced Plaintiff's claims are so fantastic or frivolous to recommend dismissal with prejudice without allowing the *pro se* plaintiff an opportunity to amend to allege[] his best case."), *R. & R. adopted*, 2021 WL 1826961 (E.D. Tex. May 7, 2021).

### IV. RECOMMENDATION

For the reasons set forth above, the Court recommends:

1. The Motion to Dismiss (Dkt. 27) be **GRANTED**;

2. Plaintiff's claim against the Detention Center be **DISMISSED**;

3. Plaintiff be granted leave to amend his claim against Lt. Smart, with the amended pleading filed no later than fourteen (14) days after entry of a Memorandum Adopting this Report and Recommendation, if any;

4. If Plaintiff fails to file an amended pleading, Plaintiff's claim against Lt. Smart should be **DISMISSED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 20th day of July, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE