IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE R. BEACHEM II, #150107 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20cv859 |
| | § | |
| LT. STEPHEN SMART, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge in this action (the "Report") (Dkt. #51), this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 22, 2024, the Magistrate Judge entered the Report (Dkt. #51), containing proposed findings of fact and recommendations that Defendant Lt. Stephen Smart's First Amended Motion to Dismiss (Dkt. #45) be granted and that Plaintiff's claims against Lt. Stephen Smart be dismissed with prejudice for failure to state a claim upon which relief can be granted. The Magistrate Judge also recommended Plaintiff not be given leave to amend, and that this dismissal count as a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff filed objections. (Dkt. #53).

In the objections, Plaintiff does not specifically identify any of the Magistrate Judge's findings or conclusions as being erroneous and does not state a basis to reject the recommendation. Instead, Plaintiff appears to be seeking to add Collin County, Texas and Collin County Sheriff Jim Skinner ("Sheriff Skinner") as named defendants in this case pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, (1978). Given that Plaintiff has failed to adequately allege an underlying constitutional violation in this case, there can be no municipal liability under *Monell*. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Brown v. Wilkinson Cnty. Sheriff Dep't*,

1

742 F. App'x 883, 884 (5th Cir. 2018) (holding that, because the plaintiff failed to demonstrate an underlying constitutional violation, the claims against the county and the officers in their official capacities failed); *Harris v. Serpas*, 745 F.3d 767, 774 (5th Cir. 2014) (upholding the district court's dismissal of the *Monell* claims because the plaintiffs had not shown there was a constitutional violation). As such, allowing Plaintiff to amend his complaint to add *Monell* claims against Collin County and Sheriff Skinner would be futile. Plaintiff fails to show that the Report is in error or that he is entitled to relief.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Plaintiff to the Report, the court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court.

It is therefore **ORDERED** that Defendant Lt. Stephen Smart's First Amended Motion to Dismiss (Dkt. #45) is **GRANTED**. Plaintiff's claims against Defendant Lt. Stephen Smart are **DISMISSED WITH PREJUDICE**; this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and the Clerk of Court is directed to **CLOSE** this civil action. It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this the 27th day of March, 2024.**

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE